**Lester R. MITCHELL, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION
BOARD, Respondent.**

No. 02–3326.

United States Court of Appeals,
Federal Circuit.

Feb. 5, 2003.

Before CLEVENGER, GAJARSA, and
PROST, Circuit Judges.

PER CURIAM.

Lester R. Mitchell seeks review of the final decision of the Merit Systems Protection Board ("Board") dismissing his appeal for lack of jurisdictior. *Mitchell v. Merit Sys. Protection Bd.,* No. AT0752020250–I–1 (June 4, 2002). We *affirm.*

I

Mr. Mitchell was appointed by the Department of Commerce, Bureau of the Census ("agency"), to a Schedule A posi-

tion in the excepted service effective January 18, 1999. He served in an intermittent capacity as a GS–3 field representative. Between July and December of 2000, the agency did not give him an assignment because he was then campaigning for public office.

Mr. Mitchell appealed the failure of the agency to give him an assignment. Under section 7511(a)(1)(C), for the Board to have jurisdiction over Mr. Mitchell's appeal, he must prove that he is an employee within the meaning of section 7511. 5 U.S.C. § 7511 (2000). Under that statute, an employee in the excepted service who is not a preference eligible must have completed two years of current continuous service in the same or similar positions to be entitled to appeal to the Board. *See Hartsell v. United States Postal Serv.*, 5 MSPB 64, 4 M.S.P.R. 539, 540 (1981).

Because Mr. Mitchell did not appear, from the documentary evidence, to be a preference eligible or to have served the requisite two years, the administrative judge advised Mr. Mitchell that the Board appeared to lack jurisdiction, and afforded him the opportunity to submit evidence to establish jurisdiction. Mr. Mitchell did not reply. The agency then moved to dismiss Mr. Mitchell's appeal for lack of jurisdiction.

In a conference call, the administrative judge again explained the jurisdictional problem to Mr. Mitchell, who conceded his excepted service appointment and that he was not a preference eligible. Because Mr. Mitchell had not completed the requisite two years of service, the administrative judge concluded that Mr. Mitchell's appeal must be dismissed for lack of jurisdiction. The administrative judge noted that Mr. Mitchell's allegations of violations of his constitutional rights and agency procedural errors went to the merits of the appeal, and thus were issues that the Board could not consider unless its jurisdiction is first established.

Mr. Mitchell did not seek review from the full Board of the initial decision dismissing his appeal for want of jurisdiction, and consequently the initial decision became the final decision of the Board in this case. Mr. Mitchell then timely sought review by petition in this court.

## II

We may disturb the final decision of the Board only if that decision is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. We also must accept any fact-finding by the Board that is supported by substantial evidence. 5 U.S.C. § 7703(c) (2000). In this case, there is no dispute about the facts. Mr. Mitchell is an individual in the excepted service who is not a preference eligible and who has not completed the requisite two years of service. He therefore did not satisfy the statutory requirements to vest the Board with jurisdiction over his appeal challenging the agency's failure to give him work while he was campaigning for public office. The Board applied the law correctly to the undisputed facts of this case, and thus properly dismissed Mr. Mitchell's appeal for lack of jurisdiction.

In this court, Mr. Mitchell raises the arguments he would make if the Board had been able to assert jurisdiction over his appeal. These include his arguments that the failure to assign work to him violated his constitutional rights, interfered with his right as a federal worker to participate in the political processes of the nation, and otherwise impaired his right to engage in political activities. Because these arguments go to the merits of his case, as the Board noted, they cannot be addressed unless jurisdiction is first established. Without jurisdiction to consider

the merits of his appeal, the Board correctly declined to voice an opinion on Mr. Mitchell's arguments. We also refrain from commenting on the merits of the case due to the lack of jurisdiction. The final decision of the Board is affirmed.